Following a jury trial in District Court, the defendant, Steven Haggett, was convicted of operating a motor vehicle under the influence of alcohol, pursuant to G. L. c. 90, § 24 (l) (a ) (1). On appeal, he contends that he is entitled to a new trial because one of the jurors should have been excused for cause. We affirm.
A defendant who challenges the trial judge's denial of a challenge for cause bears a "heavy burden." Commonwealth v. Lattimore, 396 Mass. 446, 449 (1985). "Where ... a judge has explored the grounds for any possible claim that a juror cannot be impartial, and has determined that a juror stands indifferent, we will not conclude that the judge abused his discretion by empaneling the juror unless juror prejudice is manifest." Commonwealth v. Seabrooks, 433 Mass. 439, 442-443 (2001). This is because the "determination of a juror's impartiality 'is essentially one of credibility,' " to which this court gives great deference. Commonwealth v. Ferguson, 425 Mass. 349, 352-353 (1997) (citation omitted). "A trial judge's initial determination that a juror stands indifferent will not be disturbed on appeal unless the defendant demonstrates that there was a substantial risk that the case would be decided in whole or in part on the basis of extraneous issues." Commonwealth v. Ascolillo, 405 Mass. 456, 460 (1989).
The defendant asserts that the juror here was excusable for cause on the basis that the juror's employment involved the Department of Correction, including some level of interaction with pretrial detainees and inmates.[2] Absent a showing of prejudice or partiality, a juror's occupation alone, including employment in the criminal justice system, generally is an insufficient basis to support a challenge for cause. See Commonwealth v. Duran, 435 Mass. 97, 107 (2001) ; Ascolillo, 405 Mass. at 460-461. Here, the juror clearly and unequivocally stated that he could be fair and impartial, would weigh the evidence, understood the defendant was not obligated to testify or present any witnesses, and understood the presumption of innocence as well as the Commonwealth's burden to prove the defendant's guilt beyond a reasonable doubt. We discern no abuse of discretion under such circumstances.[3]
Judgment affirmed.

The defendant states that the juror's employment was in the transportation division of Department of Correction and included close proximity to detainees and inmates. The transcript, however, is unclear. It shows only that, after an indiscernible portion of the transcript, the judge asked, "-- for the Massachusetts Department of Correction?" The juror replied, "Yes." The judge then asked, "So you deal with people who either have -- are being held pretrial or have already been convicted, is that correct?" The juror again replied, "Yes". The defendant, who bears the burden to ensure an adequate appellate record exists for an appellate court to evaluate his claim of error on appeal, has made no effort to reconstruct the record for appellate review. See Mass. R. A. P. 8 (c) and (e), as amended, 378 Mass. 932 (1979). We decline to speculate about what occurred at the side bar. Commonwealth v. Woods, 419 Mass. 366, 372 (1995).

For these same reasons, we disagree with the defendant's contention that the judge erred in selecting this juror as the jury foreman.